James Alan Bush
1745 De Marietta Avenue #3
San Jose, CA 95126
408-982-3272
theo_knock@yahoo.com

**Plaintiff in pro se**

FILED

2008 FEB 21   P 4: 09

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush | ) CASE NO.: C08 00539 JF |
| | ) |
| Plaintiff | ) COMPLAINT |
| | ) |
| v. | ) DEMAND FOR JURY TRIAL |
| | ) |
| United States Attorney | ) MISPRISION OF FELONY, INTENTIONAL |
| General, Department of | ) INFLICTION OF EMOTIONAL DISTRESS |
| Justice, Federal Bureau of | ) |
| Investigation, and, | ) |
| | ) |
| Does 1 to 10, | ) |
| | ) |
| Defendants. | ) Judge: Jeremy Fogel |
| | ) |

**PARTIES**

1. Plaintiff, James Alan Bush, is a natural person appearing *pro se*;

2. Defendant, Attorney General of the United States, is the head of

   the United States Department of Justice;

3. Defendant, Department of Justice: Civil Rights Division, is an executive department of the United States at the seat of Government;

4. Defendant, Federal Bureau of Investigation, is an agency of the United States and component of the Attorney General of the United States and the Department of Justice; and,

5. Defendants, Does 1 to 10, acting within the scope of their office or employment as officers, agents and/or employees of the FBI, individually and each in their official capacity, arising from the negligent and/or wrongful acts and/or omissions occurring in connection with the performance of their duties.

**JURISDICTION**

This court has jurisdiction over this complaint because it arises under the laws of the United States; specifically:

a. Title 28 U.S.C. § 1331, in that it is a civil action arising under the laws of the United States, and the First, Fifth, Seventh, Ninth, and Tenth Amendments to the Constitution of the United States, i.e., a federal question;

b. Title 28 U.S.C. § 1346, United States as a Defendant;

c. Title 28 U.S.C. § 1361, Action to compel an officer of the United States to perform his duty;

d. Title 28 U.S.C. § 1366, Construction of reference to laws of the United States or Acts of Congress;

e. Title 28 U.S.C. § 1357, Injuries under Federal law;

f. Title 32 U.S.C. § 102(3), Federally recognized agencies as all

Defendants, named and unnamed are all employees, former employees, agents or consultants of the United States Federal Government;

g. The district courts shall have original jurisdiction of any civil action against the United States provided in § 6226, 6228 (a), 7426, or 7428

h. Title 28 U.S.C. § 1343 (a)(2)(3), Civil rights and elective franchise and Title 42 U.S.C. §§ 1983, 1985 and 1986, Public Health and Welfare Act in conspiracy and/or failure to act and prevent criminal violations of civil rights;

Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under California state law.

**VENUE**

Venue is appropriate in this court because the majority of defendants reside in this district, and a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

**INTRADISTRICT ASSIGNMENT**

This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions, which give rise to this lawsuit, occurred in Santa Clara County.

**PRELIMINARY STATEMENT**

Comes now the Plaintiff, James Alan Bush, on information, belief and established facts, by and through his own counsel of record, in *pro se*, and for his causes of action against all named and unnamed Defendants, states the following:

Plaintiff brings this claim against Defendants, Department of Justice, Attorney General, and Federal Bureau of Investigation, pursuant to Title 28 Part II Chapter 33 § 535, which mandates and governs the investigation of crimes involving government officers and employees; and, pursuant to Title 42 U.S.C. § 12101, which grants authority to the Civil Rights Division to enforce the Fourteenth Amendment and investigate allegations of discrimination under Title II of the Americans with Disabilities Act of 1990.

Defendants, Department of Justice and Federal Bureau of Investigation, failed to investigate complaints brought by Plaintiff, in writing and *in persona*, on multiple occasions, which allege deprivation of civil rights under color of law cognizable under Title 18 U.S.C. § 242, and of certain rights protections guaranteed to him by and secured under the Fourth and Fourteenth Amendments of the Federal Constitution and laws of the United States, Title 42 U.S.C. § 1983, and, Title II of the Americans with Disabilities Act of 1990, by officials acting in their capacity as judges in the Superior Court of California, Santa Clara County, and police officers of the Sunnyvale Department of Public Safety, Santa Clara Police Department, City of Campbell Police Department, Mountain View Police Department, San Jose Police Department, and the Santa Clara County Office of the Sheriff;

and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

Plaintiff's complaints constituting violations of 42 U.S.C. § 1983 include:

- violation of 42 U.S.C. 1983: arrest;
- violation of 42 U.S.C. 1983: detention and confinement;
- violation of 42 U.S.C. 1983: conspiracy; and,
- violation of 42 U.S.C. 1983: refusing or neglecting to prevent:
  - malicious prosecution;
  - malicious abuse of process;
  - false arrest and imprisonment;
  - assault;
  - battery;
  - civil harassment;
  - conspiracy; and,
  - intentional infliction of emotional distress.

In 2007, Plaintiff sought remedy for these violations in the Superior Court of California, County of Santa Clara and the United States District Court, Northern District of California, San Jose Division (07-03641, 07-03942, 07-00831 and 07-04241, 07-04261, 07-04460, respectively).

It was determined by the presiding judges in both courts that each case was related to the other; subsequently, they ordered them consolidated into a single complaint.

A consolidated complaint will be filed by Plaintiff on February 23rd, 2008, which sets the foundation to support the counts as set

forth herein, and provides the factual basis for the violations reported to Defendant, FBI.

Plaintiff believes that, upon successful prosecution of the causes of action it alleges, the evidence gathered during discovery and trial will be sufficient to warrant criminal indictments against the defendants named therein.

Based on this well-founded belief and expectation, Plaintiff will seek extraordinary relief by this Court to compel the Civil Rights Division of the Department of Justice to appoint special litigation counsel to prosecute[1] the Defendants for criminal violations under the provisions of Title 42 U.S.C. § 1983.

**CLAIM FOR RELIEF**

Plaintiff complains and for causes of actions alleges as follows:

**COUNT I. MISPRISION OF FELONY**

Plaintiff alleges that Defendants, Does 1 to 10, as agents of Defendant, FBI, acting under color of law, and in their individual capacities[2], were negligent each in the performance of their official

---

[1] Title 42 U.S.C. § 12101 grants authority to the Civil Rights Division of the Department of Justice to enforce the Fourteenth Amendment and investigate allegations of discrimination under Title II of the Americans with Disabilities Act (ADA) of 1990.

[2] When lawsuits are brought against federal officials, they must be brought against them in their "individual" capacity not their official capacity. The theory appears to be that when federal officials perpetrate constitutional torts, they do so *ultra vires* and lose the shield of sovereign immunity. Williamson v. U.S. Department of Agriculture, 815 F.2d. 369, ACLU Foundation v. Barr, 952 F.2d. 457, 293 U.S. App. DC 101, (CA DC 1991)


duty[3], within the meaning of Title 18 U.S.C. § 4, which reads, in relevant part:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, is guilty of the federal crime of misprision of felony.

Defendants had knowledge of the commission of certain felonies against Plaintiff, and, with willful and deliberate indifference, failed to reveal that knowledge according to law[4] and per the mandates set forth by the Attorney General.

Moreover, Defendants took affirmative actions to conceal the crimes committed against him before and after the fact, and are, by definition[5], accessories to these crimes.

---

[3] Federal employees may become personally liable for constitutional deprivation by direct participation, failure to remedy wrongs after learning about it, creation of a policy or custom under which constitutional practices occur or gross negligence in managing subordinates who cause violations. (Gallegos v. Haggerty, Northern District of New York, 689 F.Supp. 93)

[4] The offense of concealing a felony committed by another, but without such previous concert with or subsequent assistance to the felon as would make the party concealing an accessory before or after the fact. United States v. Perlstein, C.C.A.N.J., 126 F.2d 789, 798.

[5] Elements of the crime are that the principal committed and completed the felony alleged, that the defendant had full knowledge of that fact, that the defendant failed to notify the authorities, and that the defendant took an affirmative step to conceal the crime. U.S. v. Ciambrone, C.A.Nev., 750 F.2d 1416, 1417

**COUNT II. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

As a result of the tortious conduct set forth above, Plaintiff suffered severe physical pain and suffering, fear, anxiety, depression, loss of civil rights and remedies, severe and permanent emotional and psychological pain and suffering, despair, physical restraint and confinement, and other compensable damages.

The tortious conduct of the Defendants was reckless, malicious, wanton, outrageous and in total disregard for the rights and interests of Plaintiff, and, thus, the Defendants are liable to Plaintiff for punitive damages to deter them and others like them from engaging in this same sort of misconduct.

Plaintiff asserts that the Defendants' failure to prevent the commission of subsequent felonies committed against him was an intentional and malicious act, as these acts were foreseeable by any reasonable person; especially, an agent trained in law enforcement.

To wit: an agent acting--albeit unconstitutionally--in the name of the United States possesses a far greater capacity for harm than an individual trespasser exercising no authority other than his own. Cf. Amos v. United States, 255 U.S. 313, 317 (1921); United States v. Classic, 313 U.S. 299, 326 (1941)

**ABSENCE OF ALL OTHER AVAILABLE AND EFFECTIVE REMEDIES**

Given the refusal and/or inability of the defendants to properly and effectively investigate the events and bring the perpetrators to justice, in accordance with the law and its own policies, and given further other substantial indicators of governmental acquiescence in

the abuses and its unwillingness to support legal initiatives that might be undertaken to obtain relief for the plaintiff, efforts to secure remedies through local FBI field offices, must be considered futile.

Moreover, any efforts to obtain relief from the defendants could well result in further serious reprisals against the plaintiff for making allegations of wrongdoing on the part of the Department of Justice, the Federal Bureau of Investigation, and local law enforcement agencies, as well as against the local attorneys representing the complainant.

For this reason, requirements for exhaustion of efforts to obtain local relief should be considered waived and satisfied.

### JOINT AND SEVERAL LIABILITY

As set forth herein, all defendants are joint tortfeasors engaged in a common plan and scheme, and, thus, all are jointly and severally liable for all damages suffered by Plaintiff herein.

### JURY TRIAL DEMAND

Plaintiff is entitled to and demands a trial by jury on all issues.

### PRAYER

WHEREFORE, Plaintiff prays that after all due proceedings, there be judgment rendered in favor of Plaintiff and against Defendants, jointly and severally, for such damages as are set forth herein, plus interest from the date of the filing of this Complaint, all costs of

these proceedings, reasonable attorney's fees as allowed by law, and for such other equitable relief, as follows:

Plaintiff requests that Defendants be compelled to provide a responsive pleading to this complaint and that Plaintiff be afforded an evidentiary hearing prior to any decision to dismiss or, in the alternative set forth herein, or, summary judgment being granted in this matter[6].

Furthermore, Plaintiff prays this Court will compel the appropriate agents and/or persons acting on behalf of Defendants, Attorney General, Department of Justice, and Federal Bureau of Investigation, to perform their duties pursuant to Title 28 U.S.C. § 1361, and, Title 42 U.S.C. § 14141, which creates a cause of action to allow the United States to remedy a pattern or practice of conduct by any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, including "law enforcement officers...that deprives persons of [federal] rights...", according to the published mandate[7] set forth by Defendant, United States Attorney General, which requires the investigation of civil rights complaints against any

---

[6] The Supreme Court has repeatedly upheld the appropriateness of federal injunctive relief to combat a 'pattern' of illicit law enforcement behavior. Pennsylvania v. Porter, 659 F.2d 306 (3rd Cir. 1981)

[7] Upon receipt of a civil rights allegation from a complainant or victim not known to be unreliable, the complaint will then be discussed by FBIHQ with the Civil Rights Division for a determination as to whether the Department will request a criminal civil rights investigation by the FBI or whether the Division will decline criminal prosecution in favor of an administrative inquiry. United States Attorneys' Manual, Title 7, Civil Rights Resource Manual, § 42 (Standards for FBI Investigation - Investigation Required)

Federal, state, or local law enforcement officials[8], alleging deprivation of rights under color of law cognizable under Title 18 U.S.C. § 242 by the Federal Bureau of Investigation, and under its lawful authority, as granted in Title 28 U.S.C. § 535(b), which which authorizes the Attorney General and the Federal Bureau of Investigation to investigate any information, allegation, matter, or complaint witnessed, discovered, or received, relating to violations of federal criminal law involving government officers and employees; and, requires the head of the agency, or the witness, discoverer, or recipient, to expeditiously report these violations to the Attorney General, as appropriate.

Plaintiff further prays the Court to compel the Defendant, United States Attorney General, to instruct the FBI to conduct additional investigation procedures, which are ordinarily used in cases that are determined to be serious and substantial in nature by the Attorney General, as set forth in the United States Attorneys' Manual, Title 7, Civil Rights Resource Manual, § 45, which reads, in relevant part:

a. Interview each subject for full details of the incident. As a part of each interview, secure the identity of witnesses. Obtain a complete physical description and background for each subject during interview or from police records. (See Section 44-10.6(9) of the FBI Field Manual regarding the need for signed statements.)

---

[8] A state law enforcement agency may be enjoined from committing constitutional violations where there is proof that officers within the agency have engaged in a persistent pattern of misconduct. Thomas v. County of Los Angeles, 978 F.2d 504, 508-509 (9th Cir. 1993)

b. Interview all or a sufficient number of witnesses to fully develop the facts of the case. Identity of witnesses may be obtained from subject(s), victim(s), or police reports. Obtain and document the names and addresses of all witnesses who were not interviewed during the investigation. As a part of the interview with each witness, obtain full name, address, telephone number, employment, race, sex, date of birth and social security number. Advise witnesses that information furnished may be used in a court of law.

c. Identify and interview all physicians and other medical and paramedical personnel who treated each victim for injuries allegedly sustained at the hands of subject(s), including the ambulance attendants who transported victim(s) to the hospital, the hospital admission clerks, orderlies, and the nurses involved in the treatment of victim(s). In the interviews with the doctors and other medical personnel also determine the following information: the severity of victim's injuries, whether victim's injuries could have been caused the way he/she or subject(s) claim, whether victim appeared intoxicated (especially if subject(s) claim the victim was), and whether victim was belligerent and/or unruly (especially if subject(s) claims he/she was). In death cases, interview the pathologist or medical examiner who performed the autopsy.

d. Contact appropriate officials at the subject officer's agency to obtain pertinent records, i.e., Internal Affairs Report, personnel file, etc., and any other complaint(s) against

subject. It should be noted that the Supreme Court has held that a statement given by a public employee under an express threat of dismissal for failure to answer cannot constitutionally be used against the employee in a subsequent criminal proceeding (Garrity v. New Jersey, 385 U.S. 493 (1967)). Furthermore, subsequent case law has held that the fruits of these statements are likewise not admissible. Accordingly, do not review any of these compelled subject statements but instead forward them to FBIHQ in a sealed envelope marked "potential Garrity statements enclosed." Upon receipt, CRU, FBIHQ will transmit the Garrity material to DOJ where the report will be reviewed and any compelled subject statements will be removed before the entire investigative report is reviewed by the case Attorney at CRD, DOJ. The cover communication should also note that an Internal Affairs Report is enclosed and it may contain Garrity statements. If the subject officer consents to make such statements available, that fact should be recorded on an FD-302 and it should also be noted in the administrative section of the report.

e. Where there are conflicts as to the facts, attempt to resolve same. For example, if there is a conflict in the sequence of events, inspect and copy records, such as police logs, tape-recorded radio transmissions, or hospital admission records, that would help resolve the conflict.

f. Describe the scene of the incident; where appropriate, supplement description with photographs or a diagram.

 g. After completion of the investigation, advise the United States Attorney of the results and ask the United States Attorney if further investigation is warranted. Regardless of the United States Attorney's answer, submit report of investigation completed. If United States Attorney requests further investigation, conduct whatever investigation the United States Attorney requests as long as such requests are reasonable and pertinent to the case. If a problem arises with a request of this nature, handle pursuant to instructions set forth in Section 8-3.311(c), supra. The results of this investigation should be furnished in an investigative report supplementing the initial report. When the United States Attorney states that the investigation is adequate, request the United States Attorney to furnish an opinion as to the prosecutive merit of the matter. Do not delay the submission of any report pending a prosecutive opinion by the United States Attorney. The United States Attorney's prosecutive opinion can be furnished in a supplementary report.

 Additionally, Plaintiff prays the Court to compel Defendants, United States Attorney General, to instruct the FBI to employ the investigative procedure for 44B matters (non-brutality), as set forth in the United States Attorneys' Manual, Title 7, Civil Rights Resource Manual, § 46, which reads, in relevant part:

 a. Interview complainant and/or victim(s), if readily available. Secure same information as set forth under 8-3.321(A), supra during interview.

 b. Where appropriate to round out the investigation, check police records, office indices, court records, institution records and any other records pertinent to the case.

 c. Examples of nonbrutality allegations are as follows:

  1. Unlawful arrest or detention

  2. Unlawful search or seizure

  3. Police harassment or abuse of power

  4. Failure of any public official to take official action. This involves cases in which a public official, who is a witness to, or cognizant of, a deprivation of civil rights of an individual, such as an assault upon that individual, fails to take appropriate action to protect that individual's person or rights.

  5. Deprivation of civil rights in connection with trial, conviction, or sentence. Includes allegations of improper extradition procedures.

  6. Deprivations relating to or growing out of treatment of incarcerated persons or concerning administration of prisons or jails.

  7. Alleged unlawful deprivation of property by purported action of any public agency. Involves cases relative to imposition of zoning restrictions on property, exercise of eminent domain without due process of law, and like situations.

ALTERNATIVELY, Plaintiff prays the Court to compel Defendants, Attorney General and Department of Justice, to provide a reasonably sufficient explanation for refusing to uphold the provisions of the

Title 18 U.S.C. § 242, and for failing and/or refusing to perform their duties.

Plaintiff seeks this remedy according to the precedent established by Bell v. Hood, 327 U.S., at 684 (footnote omitted):

> It is . . . well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done.

Signed: _[signature]_                                  Dated: 2-21-08