James Alan Bush
1745 De Marietta Avenue #3
San Jose, CA 95126
(408) 982-3272

Plaintiff in pro per

FILED

2008 MAY -5 ⌐ 9:13

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush, | ) Case No.: C 08-00539 (RS) JF |
| | ) |
| Plaintiff, | ) PETITION FOR WRIT OF MANDAMUS |
| | ) TO COMPEL THE FEDERAL BUREAU OF |
| v. | ) INVESTIGATION TO PERFORM THEIR |
| | ) DUTY UNDER TITLE 28 U.S.C.S. § 1361 |
| United States Attorney General, | ) |
| Department of Justice, Federal | ) |
| Bureau of Investigation, and | ) |
| DOE AGENT ONE TO DOE AGENT TEN, | ) |
| inclusive, | ) |
| | ) |
| Defendants. | ) Judge Jeremy Fogel |
| | ) |

**PRELIMINARY STATEMENT**

Comes now the Petitioner, James Alan Bush, on information, belief

and established facts, by and through his own counsel of record, in

pro se, and for his causes of action against all named and unnamed

Defendants, states the following:

PETITION                    PAGE 1              C 08-00539 (RS) JF

1    [Thomas v. County of Los Angeles, 978 F.2d 504, 508-509 (9th Cir.

2    1993)]; and,

3    • The Supreme Court has repeatedly upheld the appropriateness of

4    federal injunctive relief to combat a 'pattern' of illicit law

5    enforcement behavior [Pennsylvania v. Porter, 659 F.2d 306 (3rd Cir.

6    1981)].

7    9. On multiple occasions between June 2006 and January 2008, petitioner

8    made prior demands on the aforementioned respondents to perform

9    their duty, which were made in writing and in persona, to the FBI

10    Field Divisions in San Francisco (at 450 Golden Gate Avenue, 13th

11    Floor) and Campbell (1919 South Bascom Avenue, 4th Floor), ~~by either~~

12    ~~calling or visiting in-person;~~ and, on January 10th, 2008, petitioner

13    sent a letter to the Civil Rights Division of the Department of

14    Justice, which provided an overview of his complaint. On March 6th,

15    2007, the Department of Justice replied by letter, claiming that the

16    Special Litigation Division was the improper venue to submit his

17    complaint. A copy of the letter is attached hereto as Exhibit "A"

18    and made a part hereof.

19    10. Respondents refused to hear petitioner's allegations of deprivation

20    of certain rights and protections guaranteed to him by the Fourth

21    and Fourteenth Amendments of the United States Constitution

22    and the laws of the United States, which is cognizable under

23    Title 18 U.S.C.S. § 242 and Title 42 U.S.C.S. § 1983, and, Title II

24    of the Americans with Disabilities Act of 1990, by officials acting

25    under color of law and in their capacity as judges and clerks in

26    the Superior Court of California (Santa Clara County), and police

1    officers and employees of the Sunnyvale Department of Public Safety,

2    Santa Clara Police Department, City of Campbell Police Department,

3    San Jose Police Department, and Santa Clara County Office of the

4    Sheriff.

5    11. Given the refusal and/or inability of local independent auditors,

6    e.g., Office of the Independent Police Auditor (San Jose), to properly

7    and effectively investigate the complaints and allegations of the

8    petitioner and bring the perpetrators to justice, in accordance with

9    the law and its own policies, and given further other substantial

10   indicators of governmental acquiescence in the abuses and its

11   unwillingness to support legal initiatives that might be undertaken

12   to obtain relief for the petitioner, efforts to secure remedies

13   through these venues is unavailable. Moreover, any efforts to obtain

14   relief from the Federal Bureau of Investigation will likely result

15   in further serious reprisals against the petitioner for making

16   allegations of wrongdoing on the part of local law enforcement

17   agencies. For these reasons, requirements for exhaustion of efforts

18   to obtain local relief should be considered waived and satisfied.

19   12. Consequently, Petitioner has no plain, speedy, and adequate remedy

20   in the ordinary course of the law other than to request the Court

21   to compel official action by mandatory order.

22   13. Petitioner asserts that a writ of mandamus is appropriate because

23   (1) he has sufficiently established his clear and indisputable right

24   to the relief sought, (2) the respondents have a statutory mandate

25   to fulfill that right, and (3) the petitioner has no other adequate

26   remedy.

1           **MEMORANDUM OF POINTS AND AUTHORITIES**

2    A.  Relief in nature of mandamus under Title 28 U.S.C.S. § 1361 was

3        appropriate in action against federal officials alleging failure

4        to discharge their duty, since plaintiffs sought only to require

5        federal officers to perform ministerial duty of complying with their

6        own regulations. [Legal Aid Soc'y v Brennan (1979, CA9 Cal) 608 F2d

7        1319, 21 BNA FEP Cas 605, 21 CCH EPD ¶ 30443, cert den (1980) 447 US

8        921, 656 L Ed 2d 1112, 100 S Ct 3010, 22 BNA FEP Cas 1832, 23 CCH EPD

9        ¶ 30977]

10   B.  District Court had jurisdiction under 28 USCS § 1361 of third-party

11       action who sought to compel federal officials to fulfill their

12       affirmative duty under federal statutes; to extent that third-

13       party plaintiffs alleged that defendant federal officers acted

14       unconstitutionally and outside ambit of their statutory authority,

15       and sought relief to correct such actions, suit was "in the nature

16       of mandamus" so as to bring it within purview of § 1361. [Kelley v

17       Metropolitan County Board of Education (1973, MD Tenn) 372 F Supp

18       528]

19   C.  For petition to state claim upon which mandamus relief may be

20       granted, it is imperative that petitioner allege that government

21       owes petitioner performance of legal duty so plainly prescribed as

22       to be free from doubt. [Pennsylvania by Sheppard v National Asso. of

23       Flood Insurers (1975, CA3 Pa) 520 F2d 11, 20 FR Serv 2d 601]

24   D.  When complaint is predicated upon Mandamus Act (28 USCS § 1361), it

25       is essential that plaintiff allege and show that government owes him

26       performance of legal duty "so plainly prescribed as to be free from

doubt." [Naporano Metal & Iron Co. v Secretary of Labor (1976, CA3 NJ) 529 F2d 537, 41 ALR Fed 597]

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner requests that the Court:

- Issue a writ of mandamus to compel the appropriate agents and/or persons acting on behalf of the United States Attorney General, Department of Justice, and Federal Bureau of Investigation, to perform their duties pursuant to Title 28 U.S.C.S. § 1361(b), by May 15th, 2008; or, order the respondents to appear before this Court and show cause why they have not done so;

- Order the respondents to provide a reasonably sufficient explanation for refusing to uphold the provisions of the Title 18 U.S.C.S. § 1361(b), and for failing and/or refusing to perform their statutory duty;

- Order respondents to provide a responsive answer to this petition and that Plaintiff be afforded an evidentiary hearing prior to any decision to dismiss or, in the alternative set forth herein, or, summary judgment being granted in this matter; and,

- Order respondents to make known to petitioner and this Court, upon receipt of petitioner's civil rights complaint, the determination by the Civil Rights Division "as to whether the Department will request a criminal civil rights investigation by the FBI or whether the Division will decline criminal prosecution in favor of an administrative inquiry" [United States Attorneys' Manual, Title 7, Civil Rights Resource Manual, § 42 (prescribes the method in which

1    the FBI conducts investigations, and provides the criteria for

2    determining when an investigation by the FBI is required)].

3

4  Signed: _____    Dated: 5-7-08

5

6                    **VERIFICATION**

7    I, James Alan Bush, Petitioner in the above-entitled action, have

8  read the foregoing and know the contents thereof. The same is true of

9  my own knowledge, except as to those matters that are therein alleged

10  on information and belief; and, as to those matters, I believe it to be

11  true.

12    I declare under penalty of perjury that the foregoing is true and

13  correct and that this declaration was executed at San Jose, California.

14

15  Petitioner: _____    Dated: 5-7-08

16

17

18

19

20

21

22

23

24

25

26

1    James Alan Bush
       1745 De Marietta Avenue #3
2    San Jose, CA 95126
       (408) 982-3272
3

      Plaintiff in pro per
4

5

6

7

8                   **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10                     **SAN JOSE DIVISION**

11

12

13    James Alan Bush,             )   Case No.:  C 08-00539 (RS) JF
                                    )
14                  Plaintiff,   )   REQUEST FOR JUDICIAL NOTICE IN
                                    )   SUPPORT OF PLAINTIFF'S PETITION FOR
15      v.                        )   WRIT OF MANDAMUS TO COMPEL THE
                                    )   FEDERAL BUREAU OF INVESTIGATION TO
16    United States Attorney General,  )   PERFORM THEIR DUTY UNDER TITLE 28
     Department of Justice, Federal   )   U.S.C.S. § 1361
17    Bureau of Investigation, and     )
     DOE AGENT ONE to DOE AGENT TEN,   )
18    inclusive,                    )
                                    )
19                 Defendants.   )   Judge Jeremy Fogel
   _____ )
20

21

22       Plaintiff hereby requests the Court take Judicial Notice pursuant

23   to Rule 201, Federal Rules of Evidence, of Exhibit "A", Letter to James

24   Alan Bush from the Department of Justice.

25

26   Signed: _____     Dated: __5-7-08__

   JUDICIAL NOTICE                 PAGE 10               C 08-00539 (RS) JF

**EXHIBIT A**
Letter to James Alan Bush from
the Department of Justice



**U.S. Department of Justice**

Civil Rights Division

207-11-0/264004

*Special Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

February 23, 2007

James Alan Bush
1471 McDaniel Avenue
San Jose, CA 95126

Dear Mr. Bush:

Thank you for your correspondence. The Special Litigation Section of the United States Department of Justice is responsible for enforcing the provision of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, that allows the Department to seek equitable relief to remedy a pattern or practice of misconduct by law enforcement agencies, such as police departments. When a systemic pattern or practice of misconduct is determined to exist, we have the authority to initiate civil action against the jurisdiction (city, county or state) in order to remedy the misconduct. The Department also has authority with regard to the anti-discrimination provisions of the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which together prohibit discrimination on the basis of race, color, sex or national origin by police departments receiving federal funds.

The Section's authority does not extend to investigating the personal grievances of a single individual. The Section is not authorized to represent individual citizens in legal matters or to give legal advice. The Section also does not have the authority to seek criminal punishment or monetary damages for misconduct. Therefore, we are unable to provide you with legal opinions or assistance with personal lawsuits or legal matters. If you wish to pursue this matter further, you might consider contacting a private attorney or a legal services lawyer. This individual may assist you in determining what, if any, remedies may be available to you.

We will consider your letter carefully along with other information we may receive to determine whether a pattern or practice investigation is warranted. If you have additional details that you believe may be relevant to our review, we would appreciate it if you would forward that information to us.

We hope that this information is helpful to you. For additional information, you may want to review our website:



U.S. Department of Justice

Washington, D.C. 20530

Official Business
Penalty for Private Use $300

Hasler
$00.390
03/06/2007
Mailed From 20530
US POSTAGE

US OFFICIAL MAIL
$300 Penalty
For Private Use

James Alan Bush
1471 McDaniel Avenue
San Jose, CA 95126

9512632009 C005

1   James Alan Bush
    1745 De Marietta Avenue #3
2   San Jose, CA 95126
    (408) 982-3272
3

4   Plaintiff in pro per

FILED

2008 MAY -5 ⌐ 9: 13

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

5

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12

13   James Alan Bush,                )   Case No.:  C 08-00539 (RS) JF
                                      )
14                  Plaintiff,        )   PETITION FOR WRIT OF MANDAMUS
                                      )   TO COMPEL THE FEDERAL BUREAU OF
15        v.                          )   INVESTIGATION TO PERFORM THEIR
                                      )   DUTY UNDER TITLE 28 U.S.C.S. § 1361
16   United States Attorney General,  )
     Department of Justice, Federal   )
17   Bureau of Investigation, and     )
     DOE AGENT ONE to DOE AGENT TEN,  )
18   inclusive,                       )
                                      )
19                  Defendants.       )   Judge Jeremy Fogel
                                      )

20

21

22                   PRELIMINARY STATEMENT

23      Comes now the Petitioner, James Alan Bush, on information, belief

24   and established facts, by and through his own counsel of record, in

25   pro se, and for his causes of action against all named and unnamed

26   Defendants, states the following:

1  Plaintiff is seeking mandamus relief to which he is entitled

2  under Title 28 U.S.C.S. § 1361 against federal agencies who have failed

3  to exercise, or have abused, their discretion, failed to fulfill their

4  statutory responsibilities, or failed to take actions within the legal

5  limits of their authority.

6

7  **RELEVANT STATUTORY SCHEME**

8  Title 28 U.S.C.S. § 535(b) authorizes the Attorney General and

9  the Federal Bureau of Investigation to investigate any information,

10 allegation, matter, or complaint witnessed, discovered, or received,

11 relating to violations of federal criminal law involving government

12 officers and employees; and, requires the head of the agency, or the

13 witness, discoverer, or recipient, to expeditiously report these

14 violations to the Attorney General, as appropriate.

15

16 **JURISDICTION**

17 Title 28 U.S.C.S. § 1361 confers jurisdiction on the district courts

18 to compel an officer of the United States to perform his duty. The

19 district courts shall have original jurisdiction of any action in the

20 nature of mandamus to compel an officer or employee of the United States

21 or any agency thereof to perform a duty owed to plaintiff.

22

23 **VENUE**

24 Title 28 U.S.C.S. § 1391(e) provides for venue for actions in the

25 nature of mandamus brought under Title 28 U.S.C.S. § 1361 against

26 federal officers, employees, or agencies, or any agency thereof acting in

1 | its official capacity or under color of legal authority.

2

3 | **PARTIES**

4 | 1. Petitioner, James Alan Bush, is the plaintiff in an action filed in

5 | the United States District Court, District of Northern California,

6 | San Jose Division, Case No. C 08-01354 (RS) JF, on March 10th, 2008,

7 | which sets the foundation to support the claims as set forth herein,

8 | and provides the factual basis for the violations the petitioner

9 | attempted to report to the respondents.

10 | 2. Respondent, Attorney General of the United States, is the head of

11 | the United States Department of Justice.

12 | 3. Respondent, Department of Justice: Civil Rights Division, is an

13 | executive department of the United States at the seat of the United

14 | States Government.

15 | 4. Respondent, Federal Bureau of Investigation, is an agency of the

16 | United States and component of the Attorney General of the United

17 | States and the Department of Justice.

18 | 5. Respondents, DOE AGENT ONE to DOE AGENT TEN, acting within the scope

19 | of their office or employment as officers, agents and/or employees

20 | of Defendant FBI, individually and each in their official capacity,

21 | arising from the negligent and/or wrongful acts and/or omissions

22 | occurring in connection with the performance of their duties.

23

24 | **FACTUAL SUMMARY**

25 | 6. As agents acting on behalf of the United States Attorney General,

26 | the Department of Justice, and the Federal Bureau of Investigation,

1    Respondents, DOE AGENT ONE to DOE AGENT TEN, have, and at all

2    relevant times described herein had, a clear and present legal duty

3    (i.e., nondiscretionary ministerial and statutory requirement) under

4    Title 28 U.S.C.S. § 1361 to report any information, allegation, and

5    complaint relating to violations of federal criminal law involving

6    Government officers and employees to the United States Attorney

7    General.

8    7. Respondent has, and at all relevant times described herein had, the

9    present ability to perform the above-described duty.

10   8. Respondents, Department of Justice and Federal Bureau of

11   Investigation are, and at all relevant times described herein were,

12   the appropriate venue to bring petitioner's complaint, in that:

13   • Title 42 U.S.C.S. § 12101 grants authority to the Civil Rights

14   Division of the Department of Justice to enforce the Fourteenth

15   Amendment and investigate allegations of discrimination under Title

16   II of the Americans with Disabilities Act (ADA) of 1990;

17   • Title 42 U.S.C.S. § 14141 creates a cause of action to allow the

18   United States to remedy a pattern or practice of conduct by any

19   governmental authority, or any agent thereof, or any person acting

20   on behalf of a governmental authority, including "law enforcement

21   officers...that deprives persons of [federal] rights...";

22   • Title 28 Part II Chapter 33 § 535 mandates and governs the

23   investigation of crimes involving government officers and employees;

24   • A state law enforcement agency may be enjoined from committing

25   constitutional violations where there is proof that officers within

26   the agency have engaged in a persistent pattern of misconduct

1  [Thomas v. County of Los Angeles, 978 F.2d 504, 508-509 (9th Cir.

2  1993)]; and,

3  •  The Supreme Court has repeatedly upheld the appropriateness of

4  federal injunctive relief to combat a 'pattern' of illicit law

5  enforcement behavior [Pennsylvania v. Porter, 659 F.2d 306 (3rd Cir.

6  1981)].

7  9. On multiple occasions between June 2006 and January 2008, petitioner

8  made prior demands on the aforementioned respondents to perform

9  their duty, which were made in writing and in persona, to the FBI

10  Field Divisions in San Francisco (at 450 Golden Gate Avenue, 13th

11  Floor) and Campbell (1919 South Bascom Avenue, 4th Floor), ~~by either~~

12  ~~calling or visiting in-person,~~ and, on January 10th, 2008, petitioner

13  sent a letter to the Civil Rights Division of the Department of

14  Justice, which provided an overview of his complaint. On March 6th,

15  2007, the Department of Justice replied by letter, claiming that the

16  Special Litigation Division was the improper venue to submit his

17  complaint. A copy of the letter is attached hereto as Exhibit "A"

18  and made a part hereof.

19  10. Respondents refused to hear petitioner's allegations of deprivation

20  of certain rights and protections guaranteed to him by the Fourth

21  and Fourteenth Amendments of the United States Constitution

22  and the laws of the United States, which is cognizable under

23  Title 18 U.S.C.S. § 242 and Title 42 U.S.C.S. § 1983, and, Title II

24  of the Americans with Disabilities Act of 1990, by officials acting

25  under color of law and in their capacity as judges and clerks in

26  the Superior Court of California (Santa Clara County), and police

1    officers and employees of the Sunnyvale Department of Public Safety,

2    Santa Clara Police Department, City of Campbell Police Department,

3    San Jose Police Department, and Santa Clara County Office of the

4    Sheriff.

5    11. Given the refusal and/or inability of local independent auditors,

6    e.g., Office of the Independent Police Auditor (San Jose), to properly

7    and effectively investigate the complaints and allegations of the

8    petitioner and bring the perpetrators to justice, in accordance with

9    the law and its own policies, and given further other substantial

10    indicators of governmental acquiescence in the abuses and its

11    unwillingness to support legal initiatives that might be undertaken

12    to obtain relief for the petitioner, efforts to secure remedies

13    through these venues is unavailable. Moreover, any efforts to obtain

14    relief from the Federal Bureau of Investigation will likely result

15    in further serious reprisals against the petitioner for making

16    allegations of wrongdoing on the part of local law enforcement

17    agencies. For these reasons, requirements for exhaustion of efforts

18    to obtain local relief should be considered waived and satisfied.

19    12. Consequently, Petitioner has no plain, speedy, and adequate remedy

20    in the ordinary course of the law other than to request the Court

21    to compel official action by mandatory order.

22    13. Petitioner asserts that a writ of mandamus is appropriate because

23    (1) he has sufficiently established his clear and indisputable right

24    to the relief sought, (2) the respondents have a statutory mandate

25    to fulfill that right, and (3) the petitioner has no other adequate

26    remedy.

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    A.  Relief in nature of mandamus under Title 28 U.S.C.S. § 1361 was

3        appropriate in action against federal officials alleging failure

4        to discharge their duty, since plaintiffs sought only to require

5        federal officers to perform ministerial duty of complying with their

6        own regulations. [Legal Aid Soc'y v Brennan (1979, CA9 Cal) 608 F2d

7        1319, 21 BNA FEP Cas 605, 21 CCH EPD ¶ 30443, cert den (1980) 447 US

8        921, 656 L Ed 2d 1112, 100 S Ct 3010, 22 BNA FEP Cas 1832, 23 CCH EPD

9        ¶ 30977]

10   B.  District Court had jurisdiction under 28 USCS § 1361 of third-party

11       action who sought to compel federal officials to fulfill their

12       affirmative duty under federal statutes; to extent that third-

13       party plaintiffs alleged that defendant federal officers acted

14       unconstitutionally and outside ambit of their statutory authority,

15       and sought relief to correct such actions, suit was "in the nature

16       of mandamus" so as to bring it within purview of § 1361. [Kelley v

17       Metropolitan County Board of Education (1973, MD Tenn) 372 F Supp

18       528]

19   C.  For petition to state claim upon which mandamus relief may be

20       granted, it is imperative that petitioner allege that government

21       owes petitioner performance of legal duty so plainly prescribed as

22       to be free from doubt. [Pennsylvania by Sheppard v National Asso. of

23       Flood Insurers (1975, CA3 Pa) 520 F2d 11, 20 FR Serv 2d 601]

24   D.  When complaint is predicated upon Mandamus Act (28 USCS § 1361), it

25       is essential that plaintiff allege and show that government owes him

26       performance of legal duty "so plainly prescribed as to be free from

1   doubt." [Naporano Metal & Iron Co. v Secretary of Labor (1976, CA3

2   NJ) 529 F2d 537, 41 ALR Fed 597]

3

4                         **PRAYER FOR RELIEF**

5   WHEREFORE, Petitioner requests that the Court:

6   •  Issue a writ of mandamus to compel the appropriate agents and/or

7      persons acting on behalf of the United States Attorney General,

8      Department of Justice, and Federal Bureau of Investigation, to

9      perform their duties pursuant to Title 28 U.S.C.S. § 1361(b), by May

10     15th, 2008; or, order the respondents to appear before this Court

11     and show cause why they have not done so;

12  •  Order the respondents to provide a reasonably sufficient explanation

13     for refusing to uphold the provisions of the Title 18 U.S.C.S. §

14     1361(b), and for failing and/or refusing to perform their statutory

15     duty;

16  •  Order respondents to provide a responsive answer to this petition

17     and that Plaintiff be afforded an evidentiary hearing prior to any

18     decision to dismiss or, in the alternative set forth herein, or,

19     summary judgment being granted in this matter; and,

20  •  Order respondents to make known to petitioner and this Court, upon

21     receipt of petitioner's civil rights complaint, the determination

22     by the Civil Rights Division "as to whether the Department will

23     request a criminal civil rights investigation by the FBI or whether

24     the Division will decline criminal prosecution in favor of an

25     administrative inquiry" [United States Attorneys' Manual, Title 7,

26     Civil Rights Resource Manual, § 42 (prescribes the method in which

1   the FBI conducts investigations, and provides the criteria for

2   determining when an investigation by the FBI is required)].

3

4   Signed: _____    Dated: __5-7-08__

5

6                           **VERIFICATION**

7       I, James Alan Bush, Petitioner in the above-entitled action, have

8   read the foregoing and know the contents thereof. The same is true of

9   my own knowledge, except as to those matters that are therein alleged

10  on information and belief; and, as to those matters, I believe it to be

11  true.

12      I declare under penalty of perjury that the foregoing is true and

13  correct and that this declaration was executed at San Jose, California.

14

15  Petitioner: _____    Dated: __5-7-08__

16

17

18

19

20

21

22

23

24

25

26

1    James Alan Bush
     1745 De Marietta Avenue #3
2    San Jose, CA 95126
     (408) 982-3272
3
     Plaintiff in pro per
4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12

13   James Alan Bush,              )   Case No.:  C 08-00539 (RS) JF
                                    )
14                    Plaintiff,    )   REQUEST FOR JUDICIAL NOTICE IN
                                    )   SUPPORT OF PLAINTIFF'S PETITION FOR
15      v.                          )   WRIT OF MANDAMUS TO COMPEL THE
                                    )   FEDERAL BUREAU OF INVESTIGATION TO
16   United States Attorney General,)   PERFORM THEIR DUTY UNDER TITLE 28
     Department of Justice, Federal )   U.S.C.S. § 1361
17   Bureau of Investigation, and   )
     DOE AGENT ONE to DOE AGENT TEN,)
18   inclusive,                     )
                                    )
19                    Defendants.   )   Judge Jeremy Fogel
                                    )
20   _____)

21

22        Plaintiff hereby requests the Court take Judicial Notice pursuant

23   to Rule 201, Federal Rules of Evidence, of Exhibit "A", Letter to James

24   Alan Bush from the Department of Justice.

25

26   Signed: _____          Dated: 5-7-08

JUDICIAL NOTICE                    PAGE 10                    C 08-00539 (RS) JF

**EXHIBIT A**
Letter to James Alan Bush from
the Department of Justice



**U.S. Department of Justice**

Civil Rights Division

207-11-0/264004

*Special Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

February 23, 2007

James Alan Bush
1471 McDaniel Avenue
San Jose, CA 95126

Dear Mr. Bush:

Thank you for your correspondence. The Special Litigation Section of the United States Department of Justice is responsible for enforcing the provision of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, that allows the Department to seek equitable relief to remedy a pattern or practice of misconduct by law enforcement agencies, such as police departments. When a systemic pattern or practice of misconduct is determined to exist, we have the authority to initiate civil action against the jurisdiction (city, county or state) in order to remedy the misconduct. The Department also has authority with regard to the anti-discrimination provisions of the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which together prohibit discrimination on the basis of race, color, sex or national origin by police departments receiving federal funds.

The Section's authority does not extend to investigating the personal grievances of a single individual. The Section is not authorized to represent individual citizens in legal matters or to give legal advice. The Section also does not have the authority to seek criminal punishment or monetary damages for misconduct. Therefore, we are unable to provide you with legal opinions or assistance with personal lawsuits or legal matters. If you wish to pursue this matter further, you might consider contacting a private attorney or a legal services lawyer. This individual may assist you in determining what, if any, remedies may be available to you.

We will consider your letter carefully along with other information we may receive to determine whether a pattern or practice investigation is warranted. If you have additional details that you believe may be relevant to our review, we would appreciate it if you would forward that information to us.

We hope that this information is helpful to you. For additional information, you may want to review our website:



James Alan Bush
1471 McDaniel Avenue
San Jose, CA 95126

U.S. Department of Justice

Washington, D.C. 20530

Official Business
Penalty for Private Use $300