```
 1  James Alan Bush
    1745 De Marietta Avenue #3
 2  San Jose, CA 95126
    (408) 982-3272
 3
    Plaintiff in pro per
 4
```

RECEIVED

08 MAY -6 PM 4:14

RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FILED
MAY 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

| | |
|---|---|
| James Alan Bush, | Case No.: C 08-00539 (RS) JF |
| Plaintiff, | PETITION FOR WRIT OF MANDAMUS TO COMPEL THE FEDERAL BUREAU OF INVESTIGATION TO PERFORM THEIR DUTY PER TITLE 28 U.S.C.S. § 1361 |
| v. | |
| United States Attorney General, Department of Justice, Federal Bureau of Investigation, and DOE AGENT ONE to DOE AGENT TEN, inclusive, | |
| Defendants. | Judge Jeremy Fogel |

## PRELIMINARY STATEMENT

Comes now the Petitioner, James Alan Bush, on information, belief and established facts, by and through his own counsel of record, in *pro se*, and for his causes of action against all named and unnamed Defendants, states the following:

Plaintiff is seeking mandamus relief to which he is entitled under Title 28 U.S.C.S. § 1361 against federal agencies who have failed to exercise, or have abused, their discretion, failed to fulfill their statutory responsibilities, or failed to take actions within the legal limits of their authority.

**RELEVANT STATUTORY SCHEME**

Title 28 U.S.C.S. § 535(b) authorizes the Attorney General and the Federal Bureau of Investigation to investigate any information, allegation, matter, or complaint witnessed, discovered, or received, relating to violations of federal criminal law involving government officers and employees; and, requires the head of the agency, or the witness, discoverer, or recipient, to expeditiously report these violations to the Attorney General, as appropriate.

**JURISDICTION**

Title 28 U.S.C.S. § 1361 confers original jurisdiction on the district courts of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff.

**VENUE**

Title 28 U.S.C.S. § 1391(e) provides for venue for actions in the nature of mandamus brought under Title 28 U.S.C.S. § 1361 against federal officers, employees, or agencies, or any agency thereof acting in its official capacity or under color of legal authority.

**PARTIES**

1. Petitioner, James Alan Bush, is the plaintiff in an action filed in the United States District Court, District of Northern California, San Jose Division, Case No. C 08-01354 (RS) JF, on March 10th, 2008, which sets the foundation to support the claims as set forth herein, and provides the factual basis for the violations the petitioner attempted to report to the respondents.

2. Respondent, Attorney General of the United States, is the head of the United States Department of Justice.

3. Respondent, Department of Justice: Civil Rights Division, is an executive department of the United States at the seat of the United States Government.

4. Respondent, Federal Bureau of Investigation, is an agency of the United States and component of the Attorney General of the United States and the Department of Justice.

5. Respondents, DOE AGENT ONE to DOE AGENT TEN, acting within the scope of their office or employment as officers, agents and/or employees of Defendant FBI, individually and each in their official capacity, arising from the negligent and/or wrongful acts and/or omissions occurring in connection with the performance of their duties.

**FACTUAL SUMMARY**

6. As agents acting on behalf of the United States Attorney General, the Department of Justice, and the Federal Bureau of Investigation, Respondents, DOE AGENT ONE to DOE AGENT TEN, have, and at all relevant times described herein had, a clear and present legal duty

1  (i.e., nondiscretionary ministerial and statutory requirement) under Title 28 U.S.C.S. § 1361 to report any information, allegation, and complaint relating to violations of federal criminal law involving Government officers and employees to the United States Attorney General.

7. Respondent has, and at all relevant times described herein had, the present ability to perform the above-described duty.

8. Respondents, Department of Justice and Federal Bureau of Investigation are, and at all relevant times described herein were, the appropriate venue to bring petitioner's complaint, in that:

- Title 42 U.S.C.S. § 12101 grants authority to the Civil Rights Division of the Department of Justice to enforce the Fourteenth Amendment and investigate allegations of discrimination under Title II of the Americans with Disabilities Act (ADA) of 1990;
- Title 42 U.S.C.S. § 14141 creates a cause of action to allow the United States to remedy a pattern or practice of conduct by any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, including "law enforcement officers...that deprives persons of [federal] rights...";
- Title 28 Part II Chapter 33 § 535 mandates and governs the investigation of crimes involving government officers and employees;
- A state law enforcement agency may be enjoined from committing constitutional violations where there is proof that officers within the agency have engaged in a persistent pattern of misconduct [Thomas v. County of Los Angeles, 978 F.2d 504, 508-509 (9th Cir. 1993)]; and,

1  • The Supreme Court has repeatedly upheld the appropriateness of
2     federal injunctive relief to combat a 'pattern' of illicit law
3     enforcement behavior [Pennsylvania v. Porter, 659 F.2d 306 (3rd Cir.
4     1981)].
5  9. On multiple occasions between June 2006 and January 2008, petitioner
6     made prior demands on the aforementioned respondents to perform
7     their duty, which were made in writing and *in persona*, to the FBI
8     Field Divisions in San Francisco (450 Golden Gate Avenue, 13th Floor)
9     and in Campbell (1919 South Bascom Avenue, 4th Floor); and, on
10    January 10th, 2008, petitioner sent a letter to the Civil Rights
11    Division of the Department of Justice, which provided an overview
12    of his complaint. On March 6th, 2007, the Department of Justice
13    replied by letter, claiming that the Special Litigation Division was
14    the improper venue to submit his complaint. A copy of the letter is
15    attached hereto as Exhibit "A" and made a part hereof.
16 10. Respondents refused to hear petitioner's allegations of deprivation
17    of certain rights and protections guaranteed to him by the Fourth
18    and Fourteenth Amendments of the United States Constitution
19    and the laws of the United States, which is cognizable under
20    Title 18 U.S.C.S. § 242 and Title 42 U.S.C.S. § 1983, and, Title II
21    of the Americans with Disabilities Act of 1990, by officials acting
22    under color of law and in their capacity as judges and clerks in
23    the Superior Court of California (Santa Clara County), and police
24    officers and employees of the Sunnyvale Department of Public Safety,
25    Santa Clara Police Department, City of Campbell Police Department,
26    San Jose Police Department, and Santa Clara County Office of the

Sheriff.

11. Given the refusal and/or inability of local independent auditors, e.g., Office of the Independent Police Auditor (San Jose), to properly and effectively investigate the complaints and allegations of the petitioner and bring the perpetrators to justice, in accordance with the law and its own policies, and given further other substantial indicators of governmental acquiescence in the abuses and its unwillingness to support legal initiatives that might be undertaken to obtain relief for the petitioner, efforts to secure remedies through these venues is unavailable. Moreover, any efforts to obtain relief from the Federal Bureau of Investigation will likely result in further serious reprisals against the petitioner for making allegations of wrongdoing on the part of local law enforcement agencies. For these reasons, requirements for exhaustion of efforts to obtain local relief should be considered waived and satisfied.

12. Consequently, Petitioner has no plain, speedy, and adequate remedy in the ordinary course of the law other than to request the Court to compel official action by mandatory order.

13. Petitioner asserts that a writ of mandamus is appropriate because (1) he has sufficiently established his clear and indisputable right to the relief sought, (2) the respondents have a statutory mandate to fulfill that right, and (3) the petitioner has no other adequate remedy.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner requests that the Court:

- Issue a writ of mandamus to compel the appropriate agents and/or persons acting on behalf of the United States Attorney General, Department of Justice, and Federal Bureau of Investigation, to perform their duties pursuant to Title 28 U.S.C.S. § 1361(b), by May 15th, 2008; or, order the respondents to appear before this Court and show cause why they have not done so;
- Order the respondents to provide a reasonably sufficient explanation for refusing to uphold the provisions of the Title 18 U.S.C.S. § 1361(b), and for failing and/or refusing to perform their statutory duty;
- Order respondents to provide a responsive answer to this petition and that Plaintiff be afforded an evidentiary hearing prior to any decision to dismiss or, in the alternative set forth herein, or, summary judgment being granted in this matter; and,
- Order respondents to make known to petitioner and this Court, upon receipt of petitioner's civil rights complaint, the determination by the Civil Rights Division "as to whether the Department will request a criminal civil rights investigation by the FBI or whether the Division will decline criminal prosecution in favor of an administrative inquiry" [United States Attorneys' Manual, Title 7, Civil Rights Resource Manual, § 42 (prescribes the method in which the FBI conducts investigations, and provides the criteria for determining when an investigation by the FBI is required)].

Signed: _____    Dated: _____

**MEMORANDUM OF POINTS AND AUTHORITIES**

A. Relief in nature of mandamus under Title 28 U.S.C.S. § 1361 was appropriate in action against federal officials alleging failure to discharge their duty, since plaintiffs sought only to require federal officers to perform ministerial duty of complying with their own regulations. [Legal Aid Soc'y v Brennan (1979, CA9 Cal) 608 F2d 1319, 21 BNA FEP Cas 605, 21 CCH EPD ¶ 30443, cert den (1980) 447 US 921, 656 L Ed 2d 1112, 100 S Ct 3010, 22 BNA FEP Cas 1832, 23 CCH EPD ¶ 30977]

B. District Court had jurisdiction under 28 USCS § 1361 of third-party action who sought to compel federal officials to fulfill their affirmative duty under federal statutes; to extent that third-party plaintiffs alleged that defendant federal officers acted unconstitutionally and outside ambit of their statutory authority, and sought relief to correct such actions, suit was "in the nature of mandamus" so as to bring it within purview of § 1361. [Kelley v Metropolitan County Board of Education (1973, MD Tenn) 372 F Supp 528]

C. For petition to state claim upon which mandamus relief may be granted, it is imperative that petitioner allege that government owes petitioner performance of legal duty so plainly prescribed as to be free from doubt. [Pennsylvania by Sheppard v National Asso. of Flood Insurers (1975, CA3 Pa) 520 F2d 11, 20 FR Serv 2d 601]

D. When complaint is predicated upon Mandamus Act (28 USCS § 1361), it is essential that plaintiff allege and show that government owes him performance of legal duty "so plainly prescribed as to be free from

doubt." [Naporano Metal & Iron Co. v Secretary of Labor (1976, CA3 NJ) 529 F2d 537, 41 ALR Fed 597]

**VERIFICATION**

I, James Alan Bush, Petitioner in the above-entitled action, have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief; and, as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in San Jose, California.

Petitioner: _____   Dated: 5-6-08